United States District Court
Southern District of Texas

**ENTERED**

March 18, 2026

Nathan Ochsner, Clerk

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| Stacey Jordan, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-25-3511 |
| | § | |
| CARZ R US, LLC, | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is Defendant CARZ R US, LLC's Rule 12(b)(6) Motion to Dismiss. The motion is **DENIED** without prejudice to raising the same issues in a motion for summary judgment later in the case.

Stacey Jordan alleges that she purchased a defective vehicle from CARZ R US, LLC (CRU). ECF No. 1. Among other things, she alleges that CRU employees told her that they inspected the vehicle, that they had found no defects, and that the vehicle was in "perfect running condition." *Id.* at 7. She states that the vehicle's engine failed very soon after she took possession of it, and that, contrary to what she was told by CRU, the vehicle had a prior "catastrophic engine failure." *Id.* at 3. Jordan's Complaint contains many allegations not only about the false representations that CRU made to her, absent which she says she would not have purchased the vehicle, but also about CRU's conduct after the vehicle broke down. She claims, for example, that CRU was negligent in its repair of the vehicle, and that CRU failed to pay off the vehicle as promised. She brings claims for negligence, breach of contract, fraud, unjust enrichment, breach of express and implied warranties, and violations of the Texas Deceptive Trade Practices Act.

In the motion to dismiss, CRU argues that many of Plaintiff's claims must be dismissed because she bought the vehicle "as-is" and disclaimed that any representations had been made to her. ECF No. 7. Plaintiff argues that CRU cannot rely on those contract provisions because CRU made fraudulent misrepresentations about the condition of the vehicle and thus fraudulently induced Plaintiff to enter the sales contract. CRU also argues that the disclaimers in the sales contract defeat Plaintiff's contract claim, which CRU construes to involve a "promise to deliver a defect-free vehicle." Plaintiff argues that CRU misconstrues her contract claims, which she asserts include not only a broken promise to "deliver a vehicle capable of operation," but also a breach of a repair agreement and breach of a settlement agreement. The parties have similar disagreements about the nature of Plaintiff's equitable claims.

Defendant's motion does not address Plaintiff's claims for negligence in connection with repairing the vehicle or breach of the contract to pay off plaintiff's note. Those two claims alone will require investigation into the parties' interactions and discussions, the vehicle breakdown itself, and any post-breakdown agreements. Thus, granting the motion at this point would not meaningfully narrow the issues for discovery or otherwise simplify the case. Dismissal at this point would instead give rise to unnecessary briefing and appellate arguments later. Thus, judicial economy is best served by deferring consideration of the issues raised in the motion to dismiss and allowing them to be resubmitted in the form of a summary judgment motion. *Cf.* Fed. R. Civ. P. 12(a)(4)(A) (contemplating the postponement of disposition of a Rule 12 motion until trial).

It also appears to the court that Plaintiff has raised many factual disputes in her responsive briefing that must be resolved before the court can make a full, fair, and informed decision about

whether Plaintiff's claims should proceed to trial. The issues in the motion to dismiss are thus best considered in the context of a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) (requiring that the court treat a motion to dismiss as one for summary judgment when matters outside the pleadings are presented and considered by the court).

For these reasons, CRU's Motion to Dismiss, ECF No. 7, is **DENIED** without prejudice to raising the same arguments in a summary judgment motion when the record has been fully developed, and the court can examine all the documentary evidence and testimony.

Signed at Houston, Texas on March 18, 2026.

_____
Peter Bray
United States Magistrate Judge